## No. 1315.

### Don Louis Jean Louis et al. vs. Thérence Giroir et als.

A patent granted by the United States under Sec. 2447, U. S. Rev. Statutes, operates only as a quit-claim or relinquishment of any claim on the part of the United States to the land, and is without prejudice to adverse claimants.

When it concerns land which had passed into private ownership under Spanish grants, ante-dating the cession to the United States, and subsequently confirmed by acts of Congress, such land will be considered as having been fully severed from the public domain, from the date of such confirmation, and fully subject to prescriptive titles.

Finding that defendants have established all the elements essential to maintain their plea of prescription, it must be sustained.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Bourges, J., ad hoc.*

---

*Felix & Dan Voorhies* for Plaintiffs and Appellants.

*M. E. Girard* for Defendants and Appellees:

If the party who claims the land has acknowledged that the title of ownership is in his opponent, his alleged ownership is destroyed. 39 Ann. 1033.

In a petitory action met by the defense of the prescription of ten years, the main legal discussion involves the question of the alleged just title, the good faith and the length of time of defendant's possession of the property in controversy. The legality or validity of the plaintiff's title is a question of secondary consideration, which comes up in case only the defendant's plea of prescription should not be found good. 38 Ann. 209, Barrow vs. Wilson.

Good faith purifies the title of its defects and causes the possessor under a just title to be preferred to the true proprietor, who has remained so long neglectful of his rights. 38 Ann. 885, Pattison vs. Maloney.

Certificates of purchase from land office made in accordance with law operate an equitable severance of the land from the public domain. 33 Ann. 249, Gay vs. Ellis, and authorities. And it becomes subject to private contracts and adverse prescription. 35 Ann. 931, Lariviere vs. Perrodin; 35 Ann. 540, Lavidau vs. Trinchard.

Confirmation by the United States is but a relinquishment of all claims on their part leaving the titles as under the former government in contests between different claimants. Hen 1272, § 1, No. 3; 5 R. 457.

A grant complete under the French or Spanish government required no confirmation to give it validity under ours. The former government had no legal power or discretion over it, and none passed to the United States under the treaty. It was and has remained private property, which no legislation of Congress could affect. Hen. 1263 (c) 6.

The United States are bound by the treaty ceding Louisiana to protect the private property of the inhabitants. Hen. '. 1263, No. 13; 5 Ann. 636.

A private statute, such as an act of Congress conferring private claims, should be introduced in evidence. The court will not take, judicially, notice of it. 28 Ann. 413, Marsden vs. Savings Institution; 33 Ann. 963, Bank vs. Converse et al.; Hen. p. 1272, B, § 1, No. 3; 12 Ann. 883; 2 Ann. 148; Hen. p. 1276, Nos. 17 and 18; Louque, p. 520, No. 3; 590 B, No. 1; 9 P. 117, Hen. p. 1263, No. 6; 3 Wall. 478; 18 Wall. 255; 103 3 U. S. 593.

*Louis et al. vs. Giroir et als.*

The opinion of the Court was delivered by

FENNER, J. This is a petitory action, brought by the legal representatives of Jean Louis, deceased, to recover certain lands in the possession of the several defendants.

The title set forth in the petition is as follows: " That said property belongs to your petitioners for having inherited the same from Jean Louis, f. m. c., who had title thereto by virtue of a confirmation from Congress and by a patent issued in or about the year 1880 or 1881 by the government of the United States in favor of said Jean Louis."

In support of this title, plaintiffs offer: 1st, a report or decision of the Register of the Land Office, dated Nov. 10, 1880; 2d, a certificate of survey by the Surveyor General of Louisiana, dated Dec. 13, 1881 ; 3d, a patent from the United States government, dated January 16, 1882.

From these documents it appears that the claim of Louis is based upon a purchase by him from *Saville Bourse*, who held under a Spanish grant, and occupation and cultivation for eighteen consecutive years preceding December 22, 1815, upon a certificate of survey made by the United States Surveyor, dated June 22, 1814, and upon confirmation by act of Congress, approved February 25, 1825.

The decision of the Register simply recognizes the validity of the foregoing claim, but concludes as follows: " This decision shall in nowise be considered as precluding a legal investigation and decision by the proper judicial tribunal as between the parties to the above conflict of claims, but shall only operate on the part of the United States as a relinquishment of all title to the land in question."

The patent also contains the statement that " this patent shall only operate as a relinquishment of title on the part of the United States, and shall, in no manner, interfere with any valid adverse right to the same land, nor be construed to preclude a legal investigation and decision by the proper judicial tribunal between the adverse claimants to said land."

From the foregoing it is apparent that these documents do not operate, or purport to operate, as a present conveyance of the lands, but are a recognition of a prior divertiture dating back to the Spanish *régime*, from which date, unquestionably, the land covered by it was severed from the public domain, had passed into private ownership, and was subject to all the modes of acquiring ownership provided by law.

The defendants claim under Spanish grants yet more ancient and equally confirmed by the government of the United States.

If the conflict of the original titles was open to investigation, the only questions that would arise would be: Which grant embraced the land in controversy? and, in case it was covered by both, which was the superior title? But, however those questions might be decided, there could not be the slightest doubt that the land had passed into private ownership before the cession to the Unit d States, and never became incorporated into the public domain of the latter, and that, therefore, the confirmations, patents and other dealings of the United States government with reference thereto were simply recognitive and intended and purporting to operate as mere quit-claims.

There is, therefore, no obstacle to the right of defendants to plead prescription against the action brought by plaintiffs. Lavidau vs. Trinchard, 35 Ann. 540.

They have pleaded the prescription of ten and thirty years, and the former was maintained by the judge a quo.

His decision is manifestly correct.

This land has been held and dealt with as owners by defendants and their authors from a very ancient date. Their possession and occupation for more than ten years prior to the institution of this suit have been complete and unequivocal. Their good faith does not admit of question. Their titles rest on sales fully translative of property received from persons whom, without doubt, they believed to be the real owners. It is only necessary to read the articles of the Code treating of this prescription to see that defendants' possession combines every element therein prescribed as necessary to support the plea. C. C. Arts. 3478 to 3498; Barrow vs. Wilson, 33 Ann. 209; Patterson vs. Maloney, id. 885.

Judgment affirmed.